IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| APRIL FENN, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 1:22-CV-01320-LY |
| RUAN TRANSPORT CORPORATION, | § § § | |
| *Defendant*. | § § | |

DEFENDANT RUAN TRANSPORT CORPORATION'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Ruan Transport Corporation ("Ruan") files this Answer and Affirmative Defenses to Plaintiff's Original Complaint ("Complaint").

I.   ANSWER

With regard to the allegations contained in the unnumbered paragraph immediately preceding Paragraph 1 of the Complaint, Ruan admits only that Plaintiff purports to bring this lawsuit under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Ruan denies that it violated the FLSA or any other law and denies that Plaintiff is entitled to any relief. Ruan denies the remaining allegations contained in the unnumbered paragraph immediately preceding Paragraph 1 of the Complaint.

1. The allegations contained in Paragraph 1 of the Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, those allegations are denied.

2. Ruan denies the allegations contained in Paragraph 2 of the Complaint.

3. With regard to the allegations contained in Paragraph 3 of the Complaint, Ruan admits only that Plaintiff is an individual and that Exhibit A to the Complaint purports to be Plaintiff's "Consent to Join Lawsuit." Ruan is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding where Plaintiff resides; therefore, those allegations are denied. Ruan denies the remaining allegations contained in Paragraph 3 of the Complaint

4. Ruan admits the allegations contained in Paragraph 4 of the Complaint.

5. With regard to the allegations contained in Paragraph 5 of the Complaint, Ruan admits only that one of the claims asserted in the Complaint arises under the FLSA, which is a federal statute. The question of personal jurisdiction over Ruan is a legal conclusion to which no response is required. Ruan denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. With regard to the allegations contained in Paragraph 6 of the Complaint, Ruan admits that Plaintiff was an employee of Ruan and performed work for Ruan in Travis County, Texas. The questions of venue and personal jurisdiction are legal conclusions to which no response is required. Ruan denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. The allegations contained in Paragraph 7 of the Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, those allegations are denied.

8. The allegations contained in Paragraph 8 of the Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, those allegations are denied.

9. The allegations contained in Paragraph 9 of the Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, those allegations are denied.

10. With regard to the allegations contained in Paragraph 10 of the Complaint, Ruan admits only that it has had and currently has an annual gross volume of sales made or business done of not less than $500,000. The remaining allegations in Paragraph 10 of the Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, those allegations are denied.

11. Ruan admits the allegations contained in Paragraph 11 of the Complaint.

12. The allegations contained in Paragraph 12 of the Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, those allegations are denied.

13. Ruan admits the allegations contained in Paragraph 13 of the Complaint.

14. Ruan denies the allegations contained in Paragraph 14 of the Complaint.

15. Ruan admits the allegations contained in Paragraph 15 of the Complaint.

16. With regard to the allegations contained in Paragraph 16 of the Complaint, Ruan admits only that some of Plaintiff's duties may have included coordinating the timely movement of Ruan's customers' product, assigning workload to available drivers, monitoring product movements, resolving delivery and scheduling issues, and ensuring all required operational data was accurately captured. Ruan denies the remaining allegations contained in Paragraph 16 of the Complaint.

17. Ruan admits the allegations contained in Paragraph 17 of the Complaint.

18. Ruan denies the allegations contained in Paragraph 18 of the Complaint.

19. Ruan denies the allegations contained in Paragraph 19 of the Complaint.

20. Ruan denies the allegations contained in Paragraph 20 of the Complaint.

21. Ruan denies the allegations contained in Paragraph 21 of the Complaint.

22. Ruan denies the allegations contained in Paragraph 22 of the Complaint.

23. Ruan denies the allegations contained in Paragraph 23 of the Complaint

24. Ruan denies the allegations contained in Paragraph 24 of the Complaint.

25. Ruan denies the allegations contained in Paragraph 25 of the Complaint.

26. Ruan denies the allegations contained in Paragraph 26 of the Complaint.

27. Ruan denies the allegations contained in Paragraph 27 of the Complaint.

28. The unnumbered paragraph and sub-paragraphs following Paragraph 27 of the Complaint contain Plaintiff's prayer for relief, to which no response is required. Ruan denies that Plaintiff is entitled to any relief, including the relief identified in the unnumbered paragraph and sub-paragraphs following Paragraph 27 of the Complaint. Ruan denies any remaining allegations contained in the unnumbered paragraph and sub-paragraphs following Paragraph 27 of the Complaint.

## II.   AFFIRMATIVE AND OTHER DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, because she has been paid and/or received all compensation due to her.

3. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

4. Plaintiff's claims are barred as to all hours during which she was engaged in activities that were preliminary or postliminary to her principal activities.

5. Plaintiff's claims are barred as to all hours during which she was engaged in non-work activities during her purported work hours.

6. Plaintiff's claims are barred, in whole or in part, to the extent she seeks compensation under the FLSA and/or Texas law for activities that were not compensable.

7. If Plaintiff is able to show a violation of the FLSA (which Ruan specifically denies), either by action or omission, such action or omission was not willful or reckless, but rather was in good faith and based upon a reasonable belief that such action or omission was not a violation of the FLSA. Thus, a three-year statute of limitations and liquidated damages would not be warranted.

8. Plaintiff's damages are limited by the provisions of the FLSA, including without limitation the limitations contained in 29 U.S.C. § 216(b) and 29 C.F.R. § 260.

9. To the extent sought, pre-judgment interest is not available in a case brought pursuant to 29 U.S.C. §§ 216(b) and 260.

10. If Plaintiff is able to show that she is entitled to overtime pay (which Ruan specifically denies), Plaintiff would be entitled to no more than one-half her regular rate of pay for any overtime hours worked each workweek.

11. Plaintiff's FLSA claims are barred as to all hours allegedly worked of which Ruan lacked actual or constructive knowledge.

12. If Plaintiff is able to show a violation of the FLSA and/or Texas law, including that she is owed any payment for work allegedly performed (which Ruan specifically denies), Ruan is entitled to seek a set-off or offset for any compensation paid to Plaintiff beyond that to which she

was entitled, including without limitation for any personal time spent during hours for which compensation was paid and for any amounts already paid to Plaintiff for hours worked over forty each workweek.

13. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and/or accord and satisfaction.

14. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches and/or waiver.

15. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

16. No contract exists between Plaintiff and Ruan.

17. Pleading in the alternative, to the extent that Plaintiff is able to show that any alleged contract between Plaintiff and Ruan exists (which Ruan specifically denies), such contract is not reasonable or enforceable.

18. Pleading in the alternative, to the extent that Plaintiff is able to show that any alleged contract between Plaintiff and Ruan exists (which Ruan specifically denies), Plaintiff's quantum meruit, promissory estoppel, unjust enrichment, and money had and received claims under Texas common law are barred due to the existence of such contract.

19. Plaintiff's breach of contract, quantum meruit, promissory estoppel, unjust enrichment, and money had and received claims under Texas common law are barred because Plaintiff was paid for any and all work she allegedly performed for Ruan.

20. Plaintiff's breach of contract, quantum meruit, promissory estoppel, unjust enrichment, and money had and received claims under Texas common law are barred as to all work allegedly performed as to which Ruan lacked actual or constructive knowledge.

21. Plaintiff's breach of contract, quantum meruit, promissory estoppel, unjust enrichment, and money had and received claims under Texas common law are barred, in whole or in part, because they are preempted by the FLSA.

22. Plaintiff's claims are barred, in whole or in part, by the doctrine of *de minimis non curat lex*.

### III.    ATTORNEYS' FEES AND COSTS

Ruan seeks to recover all costs and fees associated with the defense of the claims in this action, including attorneys' fees, costs, and expert witness fees, pursuant to all applicable law.

### IV.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Ruan prays that Plaintiff take nothing by this suit and that Ruan recover all of its attorneys' fees, costs, and expert witness fees, and all other relief at law or in equity to which Ruan is justly entitled.

Dated: January 17, 2023                               Respectfully submitted,

                                                              **BAKER & HOSTETLER LLP**

                                                       By: */s/ Mark D. Temple*
                                                            Mark D. Temple, a*ttorney-in-charge*
                                                            Texas Bar No. 00794727
                                                            Emil M. Sadykhov, *of counsel*
                                                            Texas Bar No. 24110316
                                                            811 Main Street, Suite 1100
                                                            Houston, Texas 77002
                                                            Phone: (713) 751-1600
                                                            Facsimile: (713) 751-1717
                                                            mtemple@bakerlaw.com
                                                            esadykhov@bakerlaw.com

                                                           **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      In accordance with the Federal Rules of Civil Procedure, I hereby certify that on January 17, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send electronic notice of this filing to all counsel of record in this matter.

                                                            */s/ Mark D. Temple*
                                                            Mark D. Temple